# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAY L. STEVENSON,

Petitioner,

v.

JANE DOE, DA, and STATE OF WISCONSIN,

Respondents.

Case No. 25-CV-454-JPS

**ORDER**

## 1. INTRODUCTION

Petitioner Ray L. Stevenson ("Stevenson"), who is currently in state custody awaiting trial in Shawano County Circuit Court Case No. 2024CF000377,[1] seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1; Shawano County Case, Mar. 31, 2025 docket entry. He asserts that his constitutional rights to appointment of counsel and a timely preliminary hearing were violated in the Shawano County Case. *See generally id.* Stevenson also moves for leave to proceed without prepayment of the filing fee. ECF No. 2. This Order screens Stevenson's petition and finds that it must be dismissed and accordingly denies Stevenson's motion for leave to proceed without prepayment of the filing fee as moot.

## 2. SCREENING STANDARD

The Court applies the Rules Governing Section 2254 Cases applies to petitions for release from custody brought under 28 U.S.C. § 2241. Rule 1(b),

[1] *Available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2024CF000377&countyNo=58&index=0&mode=details (last visited Apr. 16, 2025) (the "Shawano County Case").

Rules Governing Section 2254 Proceedings; Civ. L.R. 9(a)(2). Rule 4 of the Rules Governing Section 2254 Cases requires the Court to conduct a screening or "preliminary review" of the habeas petition. At the screening stage,

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .

Rule 4, Rules Governing Section 2254 Proceedings. The Court accepts as true the petitioner's well-pleaded factual allegations, *Gibson v. Puckett*, 82 F. Supp. 2d 992, 993 (E.D. Wis. 2000) (citing *Hosp. Bldg. Co. v. Tr. of Rex Hosp.*, 425 U.S. 738, 740 (1976)), but not his legal conclusions.

Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth non-frivolous claims that are cognizable in a habeas petition. If those issues do not preclude a merits review of the claims, the Court directs the respondent—the individual in charge of the institution where the petitioner is currently held, *see* Rule 2(a), Rules Governing Section 2254 Proceedings—to respond to the petition. If any of those issues do preclude a merits review, however, the Court will dismiss the petition.

## 3. RELEVANT FACTS

Stevenson is charged with felony and misdemeanor counts related to domestic violence, disorderly conduct, and bail jumping. *See generally* Shawano County Case.[2] He was arrested in late July 2024 and had his initial

[2]The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (collecting cases).

appearance in court on July 29, 2024, where his cash bond was set at $1,500. *See id.*, July 29, 2024 docket entries; ECF No. 1 at 1. Under these circumstances, Wisconsin law requires that a preliminary hearing "be commenced . . . within 10 days" of a defendant's initial appearance, but "on motion and for cause, the court may extend such time." WIS. STAT. § 970.03(2).

Stevenson had to wait over seven months for the appointment of a state public defender to represent him. As a result, his preliminary hearing was also significantly delayed. He was appointed counsel on March 17, 2025, who appeared for him at a preliminary hearing two weeks later. Shawano County Case, Mar. 17 and 31, 2025 docket entries. He remains in pretrial detention and the case is set for an arraignment on June 3, 2025. *Id.*, Mar. 31, 2025 docket entry.

During the pendency of the case, Stevenson has moved several times to dismiss the case and for modifications of his bond; the state court denied most of these motions. *Id.*, Aug. 9, Aug. 23, Aug. 27, Aug. 30, Sept. 30, Oct. 4, and Nov. 18, 2024 docket entries; *id.*, Jan. 9 and 21, 2025 docket entries

---

Stevenson is subject to two other ongoing criminal cases. *State of Wisconsin v. Raymond Lamont Stevenson*, Brown Cnty. Cir. Ct. Case No. 2023CF000710, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2023CF000710&countyNo=5&index=0&mode=details (last visited Apr. 16, 2025); *State of Wisconsin v. Raymond Lamont Stevenson*, Brown Cnty. Cir. Ct. Case No. 2020CF000937, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2020CF000937&countyNo=5&index=0&mode=details (last visited Apr. 16, 2025). He has been appointed counsel in both cases. *Stevenson*, Brown Cnty. Cir. Ct. Case No. 2023CF000710, Jan. 8 and 9, 2025 docket entries; *Stevenson*, Brown Cnty. Cir. Ct. Case No. 2020CF000937, Jan. 8 and 9, 2025 docket entries. He does not appear to be raising any challenge to those cases, because his petition specifically references Judge William F. Kussel Jr., the presiding judge in the Shawano County Case. ECF No. 1 at 1; *see generally* Shawano County Case.

(reducing cash bond amount); ECF No. 1 at 1. In October 2024, he was given the option to either waive his right to representation for purposes of holding a preliminary hearing or to wait for appointment of counsel and waive the time limit for holding a preliminary hearing in the interim; he apparently chose the latter. Shawano County Case, Oct. 4, 2024 docket entry; *id.*, Dec. 16, 2024 docket entry ("time limits previously waived"). Stevenson was not represented when he waived the time limit for a preliminary hearing. In his § 2241 petition, he denies having waived the time limit. ECF No. 1 at 1–2 ("Petitioner has not . . . consulted with any attorney or agreed to waive any time limits for holding a timely preliminary hearing.").

The Shawano County Case docket does not demonstrate that Stevenson has appealed any issue that has come up in that case; and a search of Wisconsin Court of Appeals records similarly reveals no active appeals associated with his name. *Public Case Search*, https://wscca.wicourts.gov/caseSearch.xsl (searches for "Ray Stevenson" and "Raymond Stevenson) (last visited Apr. 16, 2025).

Stevenson moves for habeas relief on the basis that the delay in appointment of a public defender violated his Sixth Amendment right to counsel. *See* ECF No. 1 at 2. He also argues that the state court "erroneously exercised its discretion by repeatedly [e]xtending the 10 day statutory time [l]imit for holding a [p]reliminary [e]xamination [s]olely because [the state public defender's] office had not appointed counsel." *Id.* at 2 (citing WIS. STAT. § 970.03(2)). He argues that by committing these errors "the trial court has willfully relinquished [p]ersonal [j]urisdiction" over the Shawano County Case. *Id.* at 2–3. Additionally, he seems to argue that he was treated differently during this proceeding because he is indigent, violating his

rights under the Equal Protection Clause of the Fourteenth Amendment. *See id.* at 1–2.[3] For relief, he seeks "immediate [r]elease from custody and dismissal of" the Shawano County Case "with [p]rejudice." *Id.* at 3.

**4. LAW & ANALYSIS**

Each of the claims in Stevenson's petition is subject to dismissal on one or more bases: *Younger* abstention, lack of a claim cognizable in habeas, and/or failure to exhaust his state court remedies.

"While § 2241 allows a pretrial detainee to bring a habeas corpus petition, this ability is limited by the desire of federal courts not to interfere with pending state criminal prosecutions except in special circumstances." *Gunn v. Lucas*, No. 20-CV-1623, 2020 WL 7231058, at *1 (E.D. Wis. Dec. 8, 2020) (citing *Hall v. Malcomson*, No. 17-CV-726-JPS, 2017 WL 2533392, at *3 (E.D. Wis. June 9, 2017)); *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009) ("Federal courts must abstain from interfering with state court criminal proceedings involving important state interests, as long as the state court provides an opportunity to raise the federal claims and no 'exceptional circumstances' exist." (quoting *Stroman Realty, Inc., v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007) and citing *Younger v. Harris*, 401 U.S. 37, 43 (1971))). This is known as the doctrine of *Younger* abstention.

Exceptional circumstances may exist where a pretrial detainee is attempting to raise via a § 2241 petition "claims that must be addressed by the federal court prior to a state conviction in order to prevent them from becoming moot." *Gunn*, 2020 WL 7231058, at *1 (citing *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010)). Thus, "[s]peedy trial and double jeopardy

[3]He also cites the Fourth Amendment, which does not seem to be relevant to his habeas petition, as Stevenson is not challenging a search or seizure.

claims are two recognized exceptions allowed to proceed under § 2241." *Id.* (citing *Sweeney*, 612 F.3d at 573). "Habeas corpus relief (under both § 2241 and § 2254) is limited to questions of federal law; relief is unavailable for errors of state law." *Id.* (citing *Estelle v. McQuire*, 502 U.S. 62, 67 (1991)). Additionally, "pretrial detainees raising permissible federal claims under § 2241 must exhaust those claims first through available state court proceedings." *Id.* (citing *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991)); *see also Olsson*, 328 F. App'x at 335 ("Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." (collecting cases)).

Stevenson's claim that the delay in his public defender's appointment violated his Sixth Amendment right to counsel is not one of those exceptional claims which has been recognized as exempt from *Younger* abstention. *See Olsson*, 328 F. App'x at 335–36 (affirming dismissal of right to counsel claim in § 2241 petition on *Younger* grounds). It also appears that Stevenson has had an adequate opportunity to raise that claim before the state court, given the multiple motions to dismiss he has raised. *Id.* at 336 (citing *Castor*, 937 F.2d at 297); *Griffin v. Vance-Curzen*, No. 18-cv-1099-pp, 2020 WL 686120, at *3 (E.D. Wis. Feb. 11, 2020) (dismissing § 2241 claims on *Younger* grounds and noting that the petitioner had "an adequate opportunity for review of any constitutional violations" and "in fact . . . frequently used that [opportunity] by filing motions with the circuit court").

Even if Stevenson's right to counsel claim were appropriately raised in a § 2241 petition, he has not exhausted it. It is apparent from reviewing the Shawano County Case docket and Wisconsin Court of Appeals records

that Stevenson made no attempt to appeal this issue beyond the state circuit court. In any event, Stevenson now has appointed counsel in the Shawano County Case, and it is unclear how his requested relief on habeas—his immediate release and dismissal of the case—would redress the alleged Sixth Amendment violation. *See Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) (collecting cases and discussing mootness in the context of a § 2241 petition); *Allen v. Duckworth*, 6 F.3d 458, 460 (7th Cir. 1993) ("This action for habeas corpus is moot if winning it would give the petitioner nothing."); *Jahnke v. Kenosha Cnty. Sheriff's Dep't*, No. 20-cv-1693-pp, 2021 WL 2662202, at *3 (E.D. Wis. June 29, 2021) ("[T]he relief the petitioner seeks—appointment of counsel in state court . . . —is relief that only the state court can grant."). For all these reasons, Stevenson's claim that his Sixth Amendment right to counsel was violated in the Shawano County Case cannot survive screening.

Stevenson's claim that the state court "erroneously exercised its discretion by repeatedly [e]xtending the 10 day statutory time [l]imit for holding a [p]reliminary" hearing while he waited for appointment of counsel, and as a result of these errors "willfully relinquished [p]ersonal [j]urisdiction" over the case, ECF No. 1 at 2–3, also fails. Stevenson cites Wisconsin law in support of this argument, and "violations [of state law] cannot form the basis of federal habeas relief." *Tyra v. Ball*, No. 24-CV-1104, 2024 WL 5395644, at *2 (E.D. Wis. Oct. 8, 2024), *report and recommendation adopted*, No. 24-CV-1104-PP, 2025 WL 88751 (E.D. Wis. Jan. 14, 2025) (citing *Lechner v. Frank*, 341 F.3d 635, 642 (7th Cir. 2003)). Moreover, the Shawano County Case docket shows that the preliminary hearing has now taken

place, so this claim is no longer a basis for relief. *Id.* at *1–2 (dismissing similar claim on same grounds).[4]

Finally, Stevenson's unclear argument that he was treated differently during this proceeding because he is indigent, violating his rights under the Equal Protection Clause of the Fourteenth Amendment, *see* ECF No. 1 at 1–2, fails (1) because this is not one of those exceptional claims which has been recognized as exempt from *Younger* abstention, and (2) because there is no evidence that Stevenson has exhausted this argument, or even raised it to the circuit court.

**5. CONCLUSION**

For the reasons stated above, the Court will deny Stevenson's § 2241 petition and dismiss this action. The Court will further deny as moot Stevenson's motion for leave to proceed without prepayment of the filing fee. ECF No. 2. The dismissal of this case does not preclude Stevenson from attempting to raise (or re-raise) his arguments in the Shawano County Case, in consultation with his appointed lawyer.

---

[4]To the extent the delay in holding a preliminary hearing may be cognizable as a due process violation or as interfering with Stevenson's Sixth Amendment right to a speedy trial—theories which Stevenson has not advanced—both would fail. Stevenson has not filed any appeal, therefore he has not exhausted these arguments in the state courts. A due process claim is not one of those exceptional claims which has been recognized as exempt from *Younger* abstention. *See Olsson*, 328 F. App'x at 335–36. Insofar as there is a Sixth Amendment speedy trial claim, it fails for lack of redressability: Stevenson's requested relief of immediate release and dismissal of the charges against him cannot be granted through a speedy trial claim for a state proceeding. *Gunn v. Lucas*, 2020 WL 7231058, at *2 ("[S]peedy trial claims are limited to those where the petitioner is trying to force a trial, not the dismissal of a state criminal trial as untimely." (citing *Graf v. Clarke*, No. 14-C-1205, 2014 WL 5361309, at *1 (E.D. Wis. Oct. 20, 2014) and *Hirsch v. Smitley*, 66 F. Supp. 2d 985, 987 (E.D. Wis. 1999))).


Case 2:25-cv-00454-JPS Filed 04/16/25 Page 8 of 10 Document 7

Under Rule 11(a) of the Rules Governing Section 2254 Cases, which can be applied to § 2241 petitions by operation of Rule 1(b) of the same, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the petitioner must make a "substantial showing of the denial of a constitutional right." "A petitioner makes a 'substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009) (quoting *Arredondo v. Huibregtse,* 542 F.3d 1155, 1165 (7th Cir. 2008)). The law surrounding *Younger* abstention and failure to exhaust is sufficiently clear such that reasonable jurists would not debate its application to the facts herein. The Court will therefore deny Stevenson a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner Ray L. Stevenson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner Ray L. Stevenson's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 16th day of April, 2025.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.